UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHELLE W. VULLINGS** <br> Plaintiff | : | Case Number |
| vs. | : | |
| **TRANS UNION, LLC** <br> & <br> **EXPERIAN INFORMATION SOLUTIONS, INC.** <br> & <br> **EQUIFAX INFORMATION SERVICES, LLC** <br> & <br> **TARGET CORPORATION** <br> & <br> **TD BANK, N.A.** <br> Defendants | : | **CIVIL COMPLAINT** <br><br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Michelle W. Vullings, by and through her undersigned counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendants, and respectfully avers as follows:

**I. INTRODUCTORY STATEMENT**

1. Plaintiff, Michelle W. Vullings, is an adult natural person and she brings this action for actual and statutory damages and other relief against Defendants for violations of the Fair Credit Reporting Act, Pennsylvania Fair Credit Extension Uniformity Act (FCEUA, 73 Pa. C.S. § 2270.1 et seq.), and Pennsylvania Consumer Protection Law ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq., as well as for relief from Defamation of Character and Civil Conspiracy.

**II. JURISDICTION**

2. Jurisdiction of this Court arises under 15. U.S.C. § 1681p and 28 U.S.C. §1337.

3.   Venue in this district is proper in that Plaintiff resides in this District.

### III. PARTIES

4.   Plaintiff, Michelle W. Vullings (hereinafter referred to as "Plaintiff") is an adult natural person residing at 3093 Township Line Road, Collegeville, Pennsylvania 19426.

5.   Defendant, Trans Union, LLC (hereafter referred to as "Defendant Trans Union"), at all times hereto, is and was a Limited Liability Company engaged in the business of nationwide consumer reporting with a principal office located at 1510 Chester Pike, Crum Lynne, PA 19022.

6.   Defendant, Experian Information Solutions, Inc. (hereinafter referred to as "Defendant Experian"), at all times relevant hereto, is and was a corporation engaged in the business of nationwide consumer reporting with an address of 955 American Lane, Schaumburg, Illinois 60173.

7.   Defendant, Equifax Information Services, LLC (hereinafter referred to as "Defendant Equifax"), at all times relevant hereto, is and was a Limited Liability Company engaged in the business of nationwide consumer reporting with an address of 1550 Peachtree Street Northeast, Atlanta, Georgia 30309.

8.   Defendant, Target Corporation (hereinafter referred to as "Defendant Target"), at all times hereto, is and was a corporation engaged in the business of retail sales with a principal office located at 1000 Nicollet Mall, Minneapolis, Minnesota 55403.

9.   Defendant, TD Bank, N.A. (hereinafter referred to as "Defendant TD"), at all times hereto, is and was a national association engaged in the business of banking and lending with a principal office located at 1701 Route 70 East, Cherry Hill, New Jersey 08034.

## IV. FACTUAL ALLEGATIONS

10. In or around January 2015, despite the fact that Plaintiff made purchases and instructed the store employee to connect her existing credit card with her Target Red Card to pay for said purchases, Defendants Target and TD opened a credit card without Plaintiff's permission or knowledge.

11. A balance of $346.86 was charged to this account without Plaintiff's knowledge at Defendant Target's store location at 200 Mill Road, Oaks, Pennsylvania 19456.

12. On or about March 4, 2015, upon receiving a statement for the above referenced unauthorized account, Plaintiff spoke with "Denise," a manager at Defendant Target's store location at 200 Mill Road, Oaks, Pennsylvania 19456 regarding the opening of the above referenced credit card without her permission or knowledge.

13. "Denise" assisted Plaintiff with calling into Defendant Target's customer service line, whereby Plaintiff promptly paid off the entire balance over the phone with "Vega," a representative employed by Defendant Target.

14. After Plaintiff paid this balance, "Danielle," a customer service representative employed by Defendant Target, agreed to delete the above referenced account and credit inquiry from Plaintiff's credit report.

15. Despite the promise of "Danielle," Plaintiff discovered this account, a credit inquiry, and a higher, unsubstantiated balance of $378 being reported on her credit reports by Defendants Target and TD.

16. On or about April 6, 2015, Plaintiff disputed the accuracy of the trade line of Defendants Target and TD with Defendants Experian, Equifax, and Trans Union.

17. In the above referenced communication, Plaintiff explained to Defendants Experian, Equifax, and Trans Union that the above referenced account was opened without Plaintiff's permission or knowledge, that the balance of $378 was unsubstantiated, and Plaintiff accordingly requested that all inaccurate information be removed from her credit report.

18. On or about April 9, 2015, Defendant Experian responded to Plaintiff's dispute by advising Plaintiff that the trade line and credit inquiry of Defendants Target and TD had been "verified" and would remain on Plaintiff's credit report.

19. Defendant Experian also failed to mark this trade line as disputed by the consumer.

20. On or about April 14, 2015, Defendant Trans Union responded to Plaintiff's dispute by advising Plaintiff that the trade line and credit inquiry of Defendants Target and TD had been "verified" and would remain on Plaintiff's credit report.

21. Defendant Trans Union also failed to mark this trade line as disputed by the consumer.

22. On or about April 20, 2015, Defendant Equifax responded to Plaintiff's dispute by advising Plaintiff that the trade line and credit inquiry of Defendants Target and TD had been "verified" and would remain on Plaintiff's credit report.

23. Defendant Equifax also failed to mark this trade line as disputed by the consumer.

24. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

25. As a result of Defendants' conduct, Plaintiff has suffered actual damages and serious financial harm arising from monetary losses relating to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance

charges, out-of-pocket expenses including but not limited to, local or long telephone calls, postage, faxing and other related costs, all which will continue into the future to Plaintiff's great detriment and loss.

26. As a result of Defendants' conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time into the future, all to Plaintiff's great detriment and loss.

27. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time into the future, all to Plaintiff's great detriment and loss.

28. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information and of multiple inquiries appearing on Plaintiff's credit file.

### COUNT I – FCRA
*Plaintiff v. All Defendants*

29. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

30. At all times pertinent hereto, Defendants Experian, Equifax, and Trans Union were "consumer reporting agencies" as that term is defined by 15 U.S.C. §1681a(b) and (f).

31. At all times pertinent hereto, Defendants TD and Target were "furnishers" within the meaning and context of the Fair Credit Reporting Act.

32. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

33. At all times pertinent hereto, the above mentioned credit reports were "consumer reports" as that terms is defined by 15 U.S.C. §1681a(d).

34. Pursuant to 15U.S.C. §1681n and 15 U.S.C. §1681o, Defendants Experian, Equifax, and Trans Union are liable to the Plaintiff for engaging in the following conduct:

   (a) Willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

   (b) Willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b);

   (c) Willfully and negligently failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy;

   (d) Willfully and negligently continuing to furnish and disseminate inaccurate information and derogatory credit account and other information despite having knowledge of its inaccuracy and/or inability to be verified; and

   (e) Willfully and negligently failing to communicate that a disputed debt is disputed, in violation of 15 U.S.C. §1681e(8); and

   (f) Providing consumer credit reports without permissible purpose in violation of 15 U.S.C. § 1681b.

35. Pursuant to 15U.S.C. §1681n and 15 U.S.C. §1681o, Defendants Target and TD are liable to the Plaintiff for engaging in the following conduct:

(a) Willfully and negligently failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being provided with proof of its inaccuracy; and

(b) Willfully and negligently continuing to furnish and disseminate inaccurate information and derogatory credit account and other information despite having knowledge of its inaccuracy; and

(c) Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C §1681s-2(b); and

(d) Reporting information with actual knowledge of errors in violation of 15 U.S.C. §1681s-2(a)(1)(A); and

(e) Reporting information after notice and confirmation of errors in violation of 15 U.S.C. §1681s-2(a)(1)(B); and

(f) Failing to correct and update information in violation of 15 U.S.C. §1681s-2(a)(2)(B); and

(g) Failing to provide notice of dispute in violation of 15 U.S.C. §1681s-2(a)(3); and

(h) Failing to conduct an investigation with respect to disputed information in violation of §1681s-2(a)(8); and

(i) Obtaining consumer credit reports without permissible purpose.

36. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants are liable to the Plaintiff for the

full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendants Experian, Equifax, Trans Union, TD, and Target, for the following:

a. Actual damages;

d. Statutory damages pursuant to 15 U.S.C. §1681n;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1681o; and

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## **COUNT II – DEFAMATION OF CHARACTER**
*Plaintiff v. All Defendants*

37. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

38. Defendants have published the inaccurate information through writing to various creditors, prospective credit grantors, individuals, entities, and other credit reporting agencies regarding Plaintiff's credit history.

39. Defendants have published the inaccurate information each time a credit report on the Plaintiff has been requested from any creditor, prospective credit grantors, furnisher or other source.

40. The inaccurate information published by Defendants is false in that it inaccurately reflects Plaintiff's credit information, and paints Plaintiff as financially irresponsible.

41. Defendants have published the inaccurate information to at least every single creditor, furnisher or prospective creditor or other entity that has requested Plaintiff's credit report.

42. The appearance of the trade line of Defendants TD and Target constitutes a falsehood concerning Plaintiff's credit history.

43. Defendants knew or reasonably should have known that the information regarding the trade line of Defendants TD and Target they have published and re-published on Plaintiff's credit reports are incorrect and false as Plaintiff has notified them of such.

44. Defendants continue to publish the false and negative trade line of Defendants TD and Target on Plaintiff's credit history up through the present time.

45. Defendants knew that the trade line of Defendants TD and Target on Plaintiff's credit report was false and had no factual basis. Defendants nonetheless continued to publish and re-publish the inaccurate information.

46. The publications of the trade line of Defendant TD and Target on Plaintiff's credit report constitutes libel per se.

47. In addition, and despite the notices from Plaintiff, Defendants have acted with malice by failing to communicate the information provided to them by Plaintiff to all creditors, prospective creditors, furnishers of information and all other entities to whom said Defendants provide credit information concerning the Plaintiff.

48. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to the Plaintiff that are outlined more fully above and, as a result, said Defendants are liable to compensate the

Plaintiff for the full amount of actual damages, compensatory damages and punitive damages, as well as such other relief, permitted under the law.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendants Experian, Equifax, Trans Union, TD, and Target for the following:

a. Actual damages;

b. Statutory damages;

c. Punitive damages;

d. An order directing the Defendants immediately and permanently delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

e. Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT III - CIVIL CONSPIRACY
*Plaintiff v. TD Bank, N.A. and Target Corporation*

49. Plaintiff realleges and incorporates herein by reference all of the allegations contained in Paragraphs 10 through 45, inclusive, of this complaint as though fully set forth herein.

50. Plaintiff is informed and believes and therein alleges that Defendants, TD and Target, entered into an agreement under which said Defendants, acting in concert, agreed to willfully or knowingly violate the FCRA.

51. The acts of the Defendants, TD and Target, were in furtherance of a conspiracy to violate a legal duty for their own financial gain.

52. Defendants, TD and Target, had an independent duty to Plaintiff and all others similarly situated not to engage in said conduct and their conduct involves a conspiracy to violate a legal duty in furtherance of Defendants' financial gain.

53. Defendants, TD and Target, at all times did the acts and things herein alleged pursuant to, and in furtherance of, the conspiracy and agreement alleged above.

54. As a proximate result of the wrongful acts of the Defendants, TD and Target, Plaintiff has been damaged in a sum according to proof and for attorney's fees, costs and interest according to proof.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, TD and Target, for the following:

a. Actual damages;

b. Statutory damages;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

**COUNT IV - VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT- (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)**
*Plaintiff v. All Defendants*

55. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

56. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

57. The alleged debt Defendants were attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

58. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

59. The actions of Defendants, as aforesaid, constitute false, misleading or deceptive representations.

60. Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

61. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

62. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendants, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of court; and

    d.    Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT V - VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.
*Plaintiff v. All Defendants*

63.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

64.    Plaintiff and Defendants are "Persons" to 73 Pa. C.S § 201-2.

65.    The UTPCPL prescribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

66.    The actions of the Defendants, as aforesaid, constitute unfair acts or practices under the UTPCPL, by way of the following, inter alia:

    a.    Defendants engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

    b.    Defendants failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

67.    As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

68.    By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendants, and Order the following relief:

a. An Order declaring that Defendants violated the UTPCPL;

b. Actual damages;

c. Treble damages;

d. An award of reasonable attorney's fees and expenses and cost of suit; and

e. Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

Date: May 19, 2015                    BY: */s/Brent F. Vullings*
                                      Brent F. Vullings, Esquire
                                      Vullings Law Group, LLC
                                      3953 Ridge Pike Suite 102
                                      Collegeville, PA 19426
                                      P: 610-489-6060
                                      Attorney for Plaintiff