```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


MICHELLE W. VULLINGS            :        CIVIL ACTION
                                :
        v.                      :
                                :
TRANS UNION, LLC, et al.        :        NO. 15-2814
```

MEMORANDUM

Bartle, J.                                              July 9, 2015

Plaintiff Michelle W. Vullings ("Vullings") has sued three consumer reporting services[1] as well as Target Corporate Services, Inc. ("Target") and TD Bank USA, N.A. ("TD Bank").[2] In her five-count complaint, Vullings alleges violations of: the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681s-2(a)-(b); Pennsylvania's Fair Credit Extension Uniformity Act, 73 Pa. Cons. Stat. § 2270.1 et seq.; and Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 Pa. Cons. Stat. § 201-1 et seq. She also pleads common-law defamation and civil conspiracy.

Before the court is the motion of defendants Target and TD Bank to dismiss all but one of the claims against them.

---

1. The consumer reporting services sued are: Trans Union, LLC ("Trans Union"); Experian Information Solutions, Inc. ("Experian"); and Equifax Information Services, LLC ("Equifax").

2. Target and TD Bank were incorrectly styled in the complaint as "Target Corporation" and "TD Bank, N.A.," respectively. In an order dated July 7, 2015, we directed the Clerk of the Court to amend the caption to reflect their true names.

I.

When deciding a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations in the complaint and draw all inferences in the light most favorable to the plaintiff.  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008); Umland v. PLANCO Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir. 2008).  We must then determine whether the pleading at issue "contain[s] sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 578.  Instead, the complaint must contain factual matter sufficient to state a claim that is facially plausible, meaning that "the plaintiff [has] plead[ed] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

On a motion to dismiss for failure to state a claim, the court may consider "allegations contained in the complaint, exhibits attached to the complaint and matters of public record."  Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (citing 5A Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure

§ 1357 (2d ed. 1990)).  Beyond this, district courts are generally barred from considering "matters outside of the [c]omplaint when ruling on" a 12(b)(6) motion.  <u>Cerome v. Moshannon Valley Corr. Ctr./Cornell Cos., Inc.</u>, No. 09-2070, 2010 WL 4948940, at *3 (3d Cir. Dec. 7, 2010).

II.

The facts set forth in the complaint, taken in the light most favorable to Vullings as the plaintiff, are as follows.

In or around January 2015, while making purchases at one of defendant Target's stores, Vullings "instructed the store employees to connect her existing credit card with her Target Red Card to pay for said purchases."  Instead, Target and TD Bank opened a new credit card in Vullings' name and charged a balance of $346.86 to that card.

When Vullings became aware of the new line of credit in March 2015, she contacted Target's customer service hotline and was able to pay off the balance of the card with the help of a customer service representative.  Another Target representative stated that she would delete the account and credit inquiry from Vullings' credit report.  According to Vullings, this step was never taken.  Instead, Vullings discovered that the Target credit card account, a credit inquiry, and a balance of $378 were being reported on her credit reports by Target and TD Bank.

In early April 2015, Vullings contacted defendants Trans Union, Experian, and Equifax, all of which are consumer credit reporting services, to dispute the accuracy of the information reported to them by Target and TD Bank. All three credit reporting services responded that the trade line and credit inquiry had been "verified." Each refused to remove the items from Vullings' credit report or to mark them as "disputed."

Vullings avers that as a result of the conduct of defendants she has suffered financial harm arising from the damage to her creditworthiness and has incurred out-of-pocket expenses in attempting to remedy defendants' alleged errors. Vullings further maintains that she has experienced physical and emotional harm as well as "dignitary harm" arising from damage to her credit rating and reputation.

### III.

In paragraph 35 of Count I of her complaint, Vullings alleges that Target and TD Bank violated the FCRA by engaging in the following conduct:

> (a) Willfully and negligently failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being provided with proof of its inaccuracy; and

      (b)  Willfully and negligently continuing to furnish and disseminate inaccurate information and derogatory credit account and other information despite having knowledge of its inaccuracy; and

      (c)  Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b); and

      (d)  Reporting information with actual knowledge of errors in violation of 15 U.S.C. § 1681s-2(a)(1)(A); and

      (e)  Reporting information after notice and confirmation of errors in violation of 15 U.S.C. § 1681s-2(a)(1)(B); and

      (f)  Failing to correct and update information in violation of 15 U.S.C. § 1681s-2(a)(2)(B); and

      (g)  Failing to provide notice of dispute in violation of 15 U.S.C. § 1681s-2(a)(3); and

      (h)  Failing to conduct an investigation with respect to disputed information in violation of [15 U.S.C.] § 1681s-2(a)(8); and

      (i)  Obtaining consumer credit reports without permissible purpose.

Target and TD Bank seek dismissal of Count I insofar as it is premised on the conduct alleged in paragraph 35, except for the conduct alleged in subparagraph 35(c).

    The movants argue that subparagraphs 35(a)-(b) and 35(d)-(h) allege violations of 15 U.S.C. § 1681s-2(a) and that administrative enforcement is the exclusive remedy for

violations of that section. We note that § 1681s-2(a) is not explicitly referenced in subparagraphs 35(a) and 35(b). However, the conduct described in those subparagraphs is proscribed by § 1681s-2(a).[3] We will therefore treat subparagraphs 35(a) and 35(b) as alleging violations of § 1681s-2(a).

Section 1681s-2(c)(1) makes clear that the sections of the FCRA which allow for civil actions by private individuals "do not apply to any violation of . . . subsection (a)," that is, § 1681s-2(a). Instead, § 1681s-2(a) is enforced through the measures detailed in § 1681s(c)(1), specifically by "the chief law enforcement officer of a State, or an official or agency designated by a State," who "may bring an action on behalf of

---

3. Specifically, § 1681s-2(a) provides in relevant part that "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A). The statute further provides:

> A person shall not furnish information relating to a consumer to any consumer reporting agency if—
>
> (i)  the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and
>
> (ii)  the information is, in fact, inaccurate.

Id. § 1681s-2(a)(1)(B).

residents of the State."  There exists no private right of action for violations of § 1681s-2(a).  <u>Huertas v. Galaxy Asset Mgmt.</u>, 641 F.3d 28, 34 (3d Cir. 2011).  For this reason, and noting that Vullings has articulated no argument in response, we will dismiss Count I insofar as it is premised in the conduct described in subparagraphs 35(a)-(b) and 35(d)-(h).

The movants also seek dismissal of Count I insofar as it is premised on subparagraph 35(i), which avers that they "[o]btain[ed] consumer credit reports without permissible purpose."  They argue that nowhere in Vullings' complaint does she allege that either Target or TD Bank obtained a consumer credit report.  Without such allegations, the movants urge, subparagraph 35(i) is merely "a 'bald assertion[]' and a 'legal conclusion[],' which this Court need not accept."  (Alterations in original.)  Vullings simply responds in her opposing brief that since the movants opened a credit card in her name, "clearly said Defendants obtained Plaintiff's consumer reports . . . as obtaining consumer reports is certainly part of the process" of opening a credit card.  Vullings further states in her brief that her credit report demonstrates that the movants obtained the consumer report on January 3, 2015 and March 12, 2015, and that Target has acknowledged doing so.

As noted above, when ruling on a motion to dismiss under Rule 12(b)(6), we may not consider matters outside the

pleadings with the exception of certain matters of public record.  <u>Cerome</u>, 2010 WL 4948940, at *3; <u>Pension Benefit Guar. Corp.</u>, 998 F.2d at 1196.  We will therefore exclude from consideration the statements contained in Vullings' responsive brief about the movants having obtained her credit report.  This leaves subparagraph 35(i), which is precisely the type of "conclusory statement[]" that cannot survive a motion to dismiss.  <u>Iqbal</u>, 556 U.S. at 578.  We will therefore dismiss Count I insofar as it is premised on subparagraph 35(i).

IV.

We turn next to the argument of Target and TD Bank that Counts II, IV, and V must be dismissed insofar as those counts plead liability against them.  Count II contains state-law defamation claims against all defendants.  It avers that defendants defamed Vullings by publishing inaccurate information about her creditworthiness.  Count II further pleads that defendants "acted with malice by failing to communicate the information provided to them by Plaintiff to all creditors, prospective creditors, furnishers of information and all other entities to whom said Defendants provide credit information concerning the Plaintiff."  Counts IV and V, meanwhile, allege violations of Pennsylvania's Fair Credit Extension Uniformity Act, 73 Pa. Cons. Stat. § 2270.1 et seq., and Pennsylvania's

Unfair Trade Practices and Consumer Protection Law, 73 Pa. Cons. Stat. § 201-1 et seq.

In urging dismissal of Counts II, IV, and V against them, the movants rely on § 1681t(b)(1)(F) of the FCRA. That subsection provides in relevant part that "[n]o requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies." The movants maintain that this preemption provision mandates dismissal of Vullings' state common-law defamation claim and her state statutory claims.

It is clear that the FCRA's preemption provision compels dismissal of Vullings' state statutory claims, as those claims are brought under "requirement[s] or prohibition[s] . . . imposed under the laws of [a] State . . . with respect to . . . subject matter regulated under" § 1681s-2. The complaint insofar as it asserts claims under Pennsylvania's Fair Credit Extension Uniformity Act, 73 Pa. Cons. Stat. § 2270.1 et seq., in Count IV and under Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 Pa. Cons. Stat. § 201-1 et seq., in Count V will be dismissed.

Target and TD Bank take the position that the preemption provision, § 1681t(b)(1)(F), also necessitates

-9-

dismissal of Vullings' common-law defamation claim.  The provision, the movants argue, preempts all forms of state "laws," including the common law.

In response, Vullings directs our attention to § 1681h(e) of the FCRA, which provides:

> Except as provided in sections 1681n and 1681[o] of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

Section 1681h(e) was part of the FCRA when it was enacted in 1970.  Section 1681t(b)(1), on which the movants rely, was added in 1996, as was § 1681s-2, under which Vullings brings her FCRA claims.  It appears to be Vullings' position that notwithstanding the FCRA's preemption provision, § 1681h(e) permits her to bring a defamation claim as long as that claim involves "false information furnished with malice or willful intent to injure [the] consumer."  Vullings goes on to urge that her complaint adequately alleges such malice.

Target and TD Bank have the better of the argument.  A number of well-reasoned court decisions have concluded that § 1681t(b)(1), which was enacted years after § 1681h(e), preempts more claims than does § 1681h(e) and extends to state common-law claims like the one before us.  In Purcell v. Bank of America, for example, the Seventh Circuit reviewed the decision of a district court to dismiss without prejudice a plaintiff's common-law defamation claims and concluded that the lower court should have entered judgment for defendants on those claims on the ground that they were preempted by § 1681t(b)(1) of the FCRA.  659 F.3d 622 (7th Cir. 2011).  Writing for the court, Judge Frank Easterbrook noted that § 1681t(b)(1) was added to the FCRA 26 years after the statute's enactment as part of an effort to "implement [a] new plan under which reporting to credit agencies would be supervised by state and federal administrative agencies rather than judges."  Id. at 625.  Judge Easterbrook reasoned that §§ 1681h(e) and 1681t(b)(1) "are compatible: [§ 1681h(e)] preempts some state regulation of reports to credit agencies, and [§ 1681t(b)(1)] preempts more."  The two subsections were no more in conflict, he observed, than "a 1970 statute setting a speed limit of 60 for all roads in national parks and a 1996 statute setting a speed limit of 55.  It is easy to comply with both:  don't drive more than 55 miles per hour."  Id.

Other courts have adopted the persuasive reasoning of the Purcell decision. See, e.g., MacPherson v. JPMorgan Chase Bank, N.A., 665 F.3d 45, 47-48 (2d Cir. 2011); Himmelstein v. Comcast of the Dist., L.L.C., 931 F. Supp. 2d 48, 58 (D.D.C. 2013); Ilodianya v. Capital One Bank USA NA, 853 F. Supp. 2d 772, 774-75 (W.D. Ark. 2012); contra Manno v. Am. Gen. Fin. Co., 439 F. Supp. 2d 418, 425 (E.D. Pa. 2006). We will do the same. Section 1681t(b)(1)(F) preempts the state common-law defamation claim contained in Count II of Vullings' complaint.

V.

Finally, Target and TD Bank ask us to dismiss Count III, in which Vullings alleges that the two entities engaged in civil conspiracy by entering into an agreement under which they "agreed to willfully or knowingly violate the FCRA." Vullings further avers that Target and TD Bank acted in furtherance of "a conspiracy to violate a legal duty for their own financial gain," that they had an independent legal duty to Vullings and that they conspired to violate that duty, and that they engaged in the acts alleged in the complaint "pursuant to, and in furtherance of," the purported conspiracy.

The movants counter that Vullings' civil conspiracy claim must fail because Target is the agent of TD Bank, and under Pennsylvania law, "an entity cannot conspire with one who acts as its agent." Gen. Refractories Co. v. Fireman's Fund

Ins. Co., 337 F.3d 297, 313 (3d Cir. 2003) (citing Heffernan v. Hunter, 189 F.3d 405, 413 (3d Cir. 1999)).  Even if Target is not TD Bank's agent, they further maintain, Vullings has not adequately pleaded the details of the conspiracy.  See In re Asbestos Sch. Litig., 46 F.3d 1284, 1293 (3d Cir. 1994) (quoting Burnside v. Abbot Labs., 505 A.2d 973, 982 (Pa. Super. Ct. 1985)).  We need not reach the merits of the movants' arguments, because Vullings has said nothing in her brief in response to either.  Insofar as the instant motion seeks dismissal of Count III, we will therefore grant it as unopposed.